UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO RAMIREZ PENA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

Respondent.

No.  1:26-cv-04194-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DENYING
PETITIONER'S PENDING MOTIONS AS
MOOT

(Doc. Nos. 2, 3, 4)

On June 1, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On June 3, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 6.)

On June 3, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC),

1

2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent concedes that there are no substantive factual or legal differences that distinguish this case from those identified in the court's prior order.  (*Id.* at 2.)  Respondent also does not oppose the court resolving the underlying petition in this order based upon the briefing currently before the court.  (*Id.*)

Based upon a review of the briefing, the court finds the following facts.  At an unknown date after November 2020, petitioner entered the United States without inspection.  (Doc. No. 1 at 5–6.)  On or about April 1, 2026, petitioner encountered immigration authorities in the interior of the United States at a traffic stop and was detained by those authorities.  (*Id.* at 6–7.)

The court adopts its reasoning in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention.  Applying the reasoning therein, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondent fails to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody because respondent has failed to provide authority for petitioner's detention.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.     Respondent is ORDERED to immediately release petitioner Antonio Ramirez Pena, A-File No. 221-437-304, from respondent's custody on the conditions, if any, he was subject to prior to his detention on April 1, 2026;

2

     b.      Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel are hereby DENIED as having been rendered moot by this order granting his petition on the merits;

3.      The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 5, 2026**                            _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3